MURDOCK, Justice
(dissenting).
Christopher Anthony Floyd argues, among other things, that the trial court erred in not admitting statements he made to police that were inconsistent with his out-of-court confession to police. He contends that the excluded statements tend to prove that his confession was not credible and that their exclusion prevented him from presenting a complete defense. The main opinion rejects this contention with the reasoning that the proffered statements were inadmissable hearsay because “to achieve Floyd’s objective for admitting the other statements into evidence — proving that his September 27, 2004, confession was unreliable in light of the inconsistency *164 of that statement with other statements he had made to law-enforcement officers— Floyd [necessarily sought to introduce] the other statements to prove ‘the truth of the matter asserted’ in [those statements].” 191 So.3d at 161-62.
Given the unique circumstances of this case and the content of many of those other statements, I am not persuaded that the stated rationale for upholding their exclusion — that “Floyd [necessarily sought] ... to prove the ‘truth of the matter asserted’ ” in them — is correct. Even if the trial court erred in excluding the subject statements on the ground now urged by Floyd, however, this ground was not raised below, and I cannot conclude that the exclusion of the statements represents plain error.'
That said, after reviewing the record in this case as it now stands following a second remand, I have substantial concerns regarding the so-called Batson/J.E.B. challenges to prospective jurors no. 5/T.M.A. and no. 58/I.C., and I therefore respectfully must dissent.[1]